IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRAINE HILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-375 |
| CHRIS R. EYSTER, individually and in his official capacity of Commissioner of Ross Township, Pennsylvania, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

Defendants, Chris R. Eyster, Ralph C. Freedman, and Ross Township (hereinafter "Township Defendants"), filed a Motion for Sanctions seeking the dismissal of Plaintiff's Complaint with prejudice. (Docket No. 71). Defendant, Joan Maleski, filed a Motion for Sanctions joining in the Township Defendants' Motion for Sanctions. (Docket No. 73). Defendants seek the dismissal of the Complaint based on the allegation that Plaintiff "made numerous material misrepresentations" and failed to disclose evidence until May 31, 2007.[1] More specifically, Defendants claim that Plaintiff, in her responses to discovery and her deposition, denied having any mental health treatment prior to May 20, 2005. (Docket No. 71).

Federal Rule of Civil Procedure 37(a)(3) provides that an "evasive or incomplete

---

[1] Defendants' Motions for Summary Judgment were due on June 4, 2007.

disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Rule 41(b) of the Federal Rules of Civil Procedure permits courts to dismiss an action for failure of the plaintiff to prosecute or to comply with the Rules of Civil Procedure or any order of court. Fed. R. Civ. P. 41(b). In determining whether to dismiss an action under Rule 37(a)(3), I must consider the following six factors set forth by the Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the party's noncompliance; (3) the history of delay; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the availability and effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. With these six factors in mind, I turn to the circumstances of this case.

In applying these factors, there is no doubt that it is Plaintiff's responsibility to supplement any discovery responses. F. R. Civ. P. 26(e). To the extent that Plaintiff acknowledged that she saw someone after her 2001 miscarriage but could not recall the name (Docket No. 72-2, Answer to Interrog. No. 5), Plaintiff should have looked into finding the name of the provider. With that said, however, I find no prejudice to Defendants. Defendants received the records of Dr. Javna four days prior to filing their Motions for Summary Judgment. (*See,* Docket Nos. 62, 65). If Defendants thought it was important to their Motions and they needed more time, Defendants could have sought an extension, but they did not. In addition, Defendants did not seek leave to redepose Plaintiff. Furthermore, if there are

other outstanding medical records that Defendants did not obtain (Docket No. 72, p. 8, n. 5), then Defendants should have first sought a motion to compel those records prior to seeking a motion for sanctions requesting dismissal of the action based on the same.[2] A dismissal for failure to provide records that Defendants are aware exist but failed to seek a motion to compel the same is contrary to the Federal Rules of Civil Procedure. Moreover, based on the record provided to me, I cannot say at this point that the evasiveness of the response was in bad faith or even that there is no history of delay. Weighing these factors, I find that a dismissal of the action is not warranted.

THEREFORE, this **13th** day of July, 2007, upon consideration of Defendants' Motions for Sanctions, (Docket Nos. 71 and 73), it is Ordered that said Motions are denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

---

[2] I further note that Defendants knew, since Plaintiff's deposition on February 9, 2007, about these providers and did not file their Motions for Sanctions until June 28, 2007.