IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRAINE HILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.06-375 |
| | ) |
| CHRIS R. EYSTER, individually and in his official capacity as Commissioner of Ross Township, Pennsylvania, et al., | ) ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

On July 13, 2007, I entered an Opinion and Order of Court denying Defendants' Motion for Sanctions seeking a dismissal of Plaintiff's Complaint. (Docket No. 75). Defendants have now filed a Motion for Reconsideration of the same. (Docket No. 85). Defendants request that I reconsider my previous order because I missed the "crux of Defendants' Motion for Sanctions," which was that Plaintiff allegedly lied in both her Answers to Interrogatories and her deposition by failing to disclose that she received mental health counseling from a psychologist, Dr. Janva...." (Docket No. 85, ¶6).

To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order;

or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999); *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

> Where the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the matters overlooked might reasonably have resulted in a different conclusion. *Cataldo v. Moses*, 361 F.Supp.2d 420, 433 (D. N.J. 2004). A mere disagreement with the decision does not suffice to show that the court overlooked relevant facts or controlling law. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D. N.J. 1999). Nor may a motion for reconsideration be used to present new legal theories or arguments which could have been made in support of the first motion. *Federico v. Charterers Mut. Assur. Ass'n*, 158 F.Supp.2d 565, 578 (E.D. Pa. 2001).
>
> Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must persuade the court that not only was the prior decision wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir.1998); *McCloud v. City of Sunbury*, CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4 (M.D. Pa. Apr. 3, 2006). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re Loewen Group*, CA No. 98-6740, 2006 U.S. Dist. LEXIS 200, *4-*5 (E.D.Pa. Jan. 5, 2006), *quoting Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D.Pa.1992). "A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.*

*Payne v. DeLuca*, No. 2:02-CV-1927, 2006 WL 3590014, *1-2 (W.D. Pa. Dec. 11, 2006).

Defendants did not set forth a basis upon which their Motion for Reconsideration lies. (*See,* Docket No. 85). I assume, however, that Defendants are proceeding under a manifest injustice, as they do not cite to any change in the law or new evidence. *Id.* Contrary to Defendants' assertions, I understood exactly what Defendants were alleging and the sanction they were seeking, and issued my ruling accordingly. Furthermore, Defendants have failed to persuade me that my prior decision was clearly wrong and that adherence thereto would create a manifest injustice.

**THEREFORE,** this **20th** day of July, 2007, after careful consideration of Defendants' Motion for Reconsideration (Docket No. 85), it is ordered that said Motion is denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge