IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRAINE HILLMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 06-0375 |
| CHRIS R. EYSTER, et al., | ) ) ) |
| Defendant. | ) |

AMBROSE, Chief District Judge

**MEMORANDUM OPINION**
and
**ORDER OF COURT**

**SYNOPSIS**

Pending are two Motions for Summary Judgment, one filed by Defendants, Chris R. Eyster, Chief of Police Ralph C. Freedman, and Ross Township ("Township Defendants"), and the other by Defendant Joan Maleski. (Docket Nos. 62 and 65). Plaintiff, Lorraine Hillman, initiated this lawsuit against Defendants asserting violations of 42 U.S.C. §1983, false imprisonment, assault and battery, intentional infliction of emotional distress, abuse of process, and civil conspiracy resulting from Plaintiff's involuntary committment. (Docket No. 1). Based on my opinion set forth below, Township Defendants' Motion (Docket No. 65) is granted, and Joan Maleski's Motion (Docket No. 42) is granted.

**OPINION**
**AND**
**ORDER OF COURT**

**I.     Standard of Review**

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex,* 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988), *quoting Celotex*, 477 U.S. at 322.

**II.    Count I - Section 1983**

Section 1983 does not create substantive rights.  *See,* 42 U.S.C. §1983.[1]  Rather, section 1983 provides a remedy for the deprivation of rights established elsewhere in the Constitution or federal laws.  *Estate of Smith v. Marasco*, 318 F.3d 497, 505 (3d Cir. 2003).  There are two essential elements to a §1983 claims:

> (1)   whether the conduct complained of deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States; and
>
> (2)   whether the conduct complained of was committed by a person acting under color of state law.

*Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir. 1993).  In this case, Plaintiff complains that the conduct of all of the Defendants violated her Fourth and Fourteenth Amendment rights.  (Docket No. 1).  Defendants first argue that Plaintiff cannot succeed on her §1983 count because she cannot prove the second element - that the conduct complained of was committed by a person acting under color of state law.

**A.    Color of Law**

Defendants Eyster and Maleski first challenge only the second element. (Docket No. 67, pp. 6-16; Docket No. Docket No. 62, pp. 4-5).  As all parties acknowledge, a private individual can act "under color of law" when he conspires with or engages in activity with state officials to deprive a person of a constitutional right.  *See, Abbott v. Latshaw,* 164 F.3d 141, 147-48 (3d Cir. 1998); *see also,* Docket No. 63, p. 6; Docket No. 67, p. 8; Docket No. 76, p. 8.

In this case, viewing the evidence in the light most favorable to the non-moving party, I find

---

[1] 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.... "

that there is sufficient evidence that a juror could reasonably conclude that Defendants Eyster and Maleski conspired with or engaged in activity with Defendant Freedman, a state actor, to have Plaintiff taken into custody and involuntarily committed. For example, on or about the date in question, May 20, 2005, Defendant Eyster was the newly elected Commissioner of Ross Township. With regard to the involuntary commitment of Plaintiff, Defendant Eyster initially contacted Detective Barrett of the Ross Township Police. (Depo. of Eyster, pp. 60-61 at Docket No. 66-2). Thereafter, he contacted Defendant Freedman, Chief of Police of Ross Township. *Id.* at 442-43; *see also*, Depo. of Freedman at 19-22. Although Defendant Eyster and Defendant Maleski separately drove their own vehicles to the police station, Defendant Freedman stated what the three of them were going to do and set out to take them in a police vehicle to the hospital. (Depo. of Freedman, pp. 23-24 at Docket No. 66-2). On the way, Defendant Freedman was in an automobile accident. *Id.* Detectives Barrett and Dripps came to the scene and Defendant Freedman asked if they would take "the commissioner" to the hospital, while Defendant Freedman went back to the station. *Id.*, pp. 24-25. Detectives Barrett and Dripps continued to drive Defendants Eyster and Maleski to Mercy Hospital, in an unmarked police car. (Affidavit of Dectctive Dripps, ¶2 at Docket No. 94). The two plain clothed detectives walked into the hospital with Defendants Eyster and Maleski while the latter applied for the §302 warrant. *Id.* at ¶3. Furthermore, there is testimony that it is not typical for the Chief of Police to accompany officers to a residence to serve a §302 warrant and that it was done in this case because the person involved was the commissioner. (Depo. of Kirtley, p. 59 at Docket No. 83-3; Depo. of Elway, p. 61 at Docket No. 83-2). Therefore, I find that summary judgment on this ground is not warranted.

 B. <u>**Immunity for §1983 Claim**</u>

  1. **Absolute immunity**

Defendants Eyster and Maleski next assert that they are entitled to absolute immunity for

4

their testimony at the §303 hearing. (Docket No. 67, pp. 9-12; Docket No. 63, p. 11). In support of their argument, Defendants cite to *McArdle v. Tornetti*, 961 F.2d 1083 (3d Cir. 1992).[2] Under *McArdle*, I agree that Defendants Eyster and Maleski would be entitled to absolute immunity for Plaintiff's claims of false testimony at the §303 hearing. *McArdle,* 961 F.2d at 1085-86. According to my reading of Plaintiff's Brief, however, her §1983 claim is not based on the testimony at the §303 hearing but, instead, on the filing of and the conspiracy to file a false §302 petition. (Docket No. 76, pp. 11-12). Consequently, Defendants Eyster's and Maleski's Motion for Summary Judgment with regard to absolute immunity for their testimony at the §303 hearing is denied as moot.

Defendants Eyster and Maleski acknowledge that under *McArdle* they are not entitled to absolute immunity for their statements in support of the §302 petition. *See, McArdle,* 961 F.2d at 1086-89. (Docket No. 67, pp. 10-12; Docket No. 63, pp. 8-11). Defendants Eyster and Maleski argue, however, that according to *McArdle,* the only §1983 claim that Plaintiff could have is a claim for malicious prosecution. (Docket No. 67, pp. 11-12; Docket No. 63, p. 9; Docket No. 92, pp.5-6; Docket No. 89, pp. 3-4). In response, Plaintiff first argues that she has asserted a proper §1983 malicious prosecution claim. (Docket No. 76, pp. 12-13). In addition, Plaintiff adds that her §1983 claim is not limited to a malicious prosecution claim, but also includes claims for substantive due process rights and violations of her Fourth Amendment right to be free from unreasonable search and seizure. (Docket No. 76, p. 13; Docket No. 98, p. 2).

With regard to the §1983 malicious prosecution claim, I find that there is no genuine issue of material fact. A claim for malicious prosecution brought under §1983 "must include the elements

---

[2]Defendants also cite to Pennsylvania case law interpreting absolute immunity. (Docket No. *citing Marino v. Fava,* 915 A.2d 212 (Pa. Super. 2006). I first note that state case law is not authoritative. Furthermore, *Marino, supra,* is not a §1983 case for malicious prosecution. Rather, *Marino, supra,* involves claims of false statements, harassment, defamation and slander. Consequently, it is not even persuasive in this case.

5

of the common law tort as it has developed." *McArdle*, 961 F.2d at 1088.  The elements of a claim for malicious prosecution include the following:

(1) The defendant acted in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

*Id., quoting* 42 Pa.C.S.A. §8351.  Defendants argue that they are entitled to summary judgment as to Plaintiff's §1983 malicious prosecution claim because the proceeding did not terminate in Plaintiff's favor.  In opposition, Plaintiff submits that she did not get an opportunity to challenge the allegations in the petition and there is an issue of material fact as to whether the §303 hearing ended in her favor because she was not kept for the maximum 20 days ordered but was released after 8 days. (Docket No. 76, pp. 12-13).  After a review of the record, I agree with Defendants.  Viewing the evidence in the light most favorable to Plaintiff, there is no reasonable way to view Plaintiff's proceedings as having terminated in her favor.  Plaintiff was initially involuntarily committed for no more than 120 hours.  At the hearing she had counsel and was committed for up to an additional 20 days.  Simply because she did not remain committed for the maximum time permissible does not give rise to an inference that the proceeding ended in her favor.  Furthermore, she did not appeal.  Consequently, I find that Plaintiff cannot meet her burden for a malicious prosecution case.  Therefore, summary judgment as to Plaintiff's §1983 malicious prosecution claim (Count I) is granted in favor of Defendants.

With regard to the second issue, Defendants argue that under *McArdle*, Plaintiff's §1983 claim is limited to malicious prosecution.  (Docket No. 67, pp. 11-12; Docket No. 63, p. 9; Docket No. 92, pp.5-6; Docket No. 89, pp. 3-4).  I do not read *McArdle* as being so limiting. Consequently, summary judgment is not warranted on this ground as Plaintiff also asserts claims for violation of substantive due process and Fourth Amendment right to be free from unreasonable search and

seizure.

## 2. Qualified immunity

Defendants Maleski and Freedman assert that they are entitled to qualified immunity. (Docket No. 63, pp. 12-14; Docket No. 67, pp. 14-16; Docket No. 92, pp. 7-9). I will address Defendant Freedman's argument first. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The analysis of qualified immunity proceeds in stages. First, the court should assess whether "the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If so, then at the second step the court must decide "whether the right was clearly established," and in particular, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 201-02. Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

Defendant Freedman first argues that his conduct did not violate any constitutional right. (Docket No. 67, pp. 14-15; Docket No. 92, p. 7). The remaining alleged constitutional violations are a substantive due process violation and a violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure. In response, Plaintiff argues that Defendant Freedman violated these rights. After a review of the evidence, however, I find that there was no violation of either right. There is no evidence that Defendant Freedman knew or should have known the statements of Defendant Eyster or Maleski were allegedly false. Additionally, Defendant Freedman was acting pursuant to a valid warrant. *See, Malley,* 475 U.S. at 345-46 (It is objectively reasonable to rely on validly issued warrant). (Docket No. 66, ¶33; Docket No. 77, ¶33; Docket No. 66-3, p. 49; Docket No. 66-2, p.3; Docket No. 94, p. 32; Docket No. 94, p. 3). As a result,

Defendant Freedman's conduct did not violate either of Plaintiff's constitutional right. Consequently, summary judgment in favor of Defendant Freedman is warranted as to Count I.

If there is no genuine issue of material fact that Defendant Freedman did not violate Plaintiff's constitutional rights, then there can be no conspiracy with him, the state actor, to violate either of Plaintiff's constitutional rights by Defendants Maleski or Eyster under §1983. Therefore, summary judgment as to the entirety of Plaintiff's §1983 claim (Count I) is warranted as to Defendants Maleski, Eyster, and Defendant Freedman.

### C. Defendant Freedman, in his official capacity

Defendant Freedman asserts that all §1983 claims against him in his official capacity should be dismissed because Plaintiff has also sued Ross Township. (Docket No. 67, p. 14). Plaintiff does not respond to this argument. *See,* Docket No. 76. I agree with Defendant Freedman that suing him in his official capacity is the same as suing Ross Township. *Brandon v. Holt,* 469 U.S. 464, 472, n. 21 (1985) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). Therefore, summary judgment is warranted as to Defendant Freedman, in his official capacity.[3]

### D. Defendant Ross Township

Defendant Ross Township asserts that it should be dismissed because Plaintiff has no evidence of a policy or custom that caused Plaintiff's reported injury. (Docket No. 67, p. 16). A local municipality can be sued directly under §1983 where the action that is alleged to be unconstitutional is a policy statement, ordinance, regulation, custom or a decision officially adopted and promulgated by the municipality, so long as it "causes " an employee to violate another's constitutional rights. *Monell v. Dept. of Social Servs. of the City of New York,* 436 U.S. 658, 690-92

---

[3]The same result applies to Defendant, Chris Eyster in his official capacity as Commissioner of Ross Township.

(1978). Plaintiff does not address this argument, let alone come forward with any evidence of a policy statement, ordinance, regulation, custom or a decision officially adopted and promulgated by Defendant Ross Township. *See,* Docket No. 76. Consequently, summary judgment as to Plaintiff's §1983 claims (Count I) against Defendant Ross Township is warranted.

## III. State Law Claims

The remaining claims in Plaintiff's Complaint are grounded in state law. *See,* Complaint. In light of the fact that I have dismissed the §1983 claims over which I had original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3). Accordingly, I dismiss these claims pursuant to 28 U.S.C. §1367(c)(3), albeit without prejudice to refiling the claims in state court. The dismissal of the state-law claims without prejudice should not work to Plaintiff's disadvantage. Section 1367(d) provides for at least a 30-day tolling of any applicable statute of limitation so as to allow a plaintiff to refile her claims in state court.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LORRAINE HILLMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 06-0375 |
| CHRIS R. EYSTER, et al., | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

# ORDER OF COURT

AND NOW, this 14th day of February, 2007, after careful consideration Defendants' Motions for Summary Judgment (Docket Nos. 62 and 65) and the related submissions and for the reasons set forth in the accompanying Opinion it is ordered that said Motions (Docket Nos. 62 and 65) are granted as to Count I of Plaintiff's Complaint. Judgment is hereby entered in favor of Defendants and against Plaintiff as to Count I.

It is further ordered Plaintiff's state-law claims, Counts II-VI of the Complaint, are dismissed without prejudice pursuant to 28 U.S.C. §1367.

The case shall be marked "CLOSED."

BY THE COURT:
/s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge